TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
   1400 United States Courthouse
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2426
   Facsimile: (213) 894-0142
   E-mail:    Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  vs.<br><br>$43,590.79 IN BANK FUNDS SEIZED FROM TWO WELLS FARGO BANK ACCOUNTS, ET AL.,<br><br>     Defendants.<br><br>SHAOBO YU AND XIN QI,<br><br>     Claimants. | NO.  2:21-CV-01380-SB(JPRx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Complaint filed:<br>February 16, 2021**<br><br>**Proposed Trial Date:<br>August 23, 2022**<br><br>**STATUS CONFERENCE**<br>**DATE:** November 12, 2021<br>**TIME:** 8:30 a.m.<br>**CTRM:** 6C |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, counsel for plaintiff United States of America and claimants Shaobo Yu and Xin Qi ("Claimants") submit this Joint Rule 26(f) Report.

### A.    SUBJECT MATTER JURISDICTION

The basis for subject matter jurisdiction is 18 U.S.C. §§ 1345 and 1355.

### B.    STATEMENT OF THE CASE

This civil forfeiture action was commenced on February 16, 2021. The government alleges that the defendant funds constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 (wire fraud), and/or 1344 (bank fraud), both of which are specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B). The defendant funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). In addition, to the extent that the defendant funds are not the actual monies or assets directly traceable to the illegal activity identified herein, plaintiff alleges that the defendant funds are identical property found in the same account or place as the property involved in the specified offense, rendering the defendant funds subject to forfeiture pursuant to 18 U.S.C. § 984. The government also alleges that the defendant funds constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 (wire fraud), and/or 1344 (bank fraud). The defendant funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). In addition, to the extent that the defendant funds are not the actual monies or assets directly traceable to the illegal

1 activity identified herein, plaintiff alleges that the defendant
2 funds are identical property found in the same account or place
3 as the property involved in the specified offense, rendering the
4 defendant funds subject to forfeiture pursuant to
5 18 U.S.C.§ 984.
6     *Claimants' Statement of the Case:*
7     Claimant SHAOBO YU had no knowledge of, nor gave consent
8 to, the "illegal activity" as alleged herein and is not the
9 focus of any criminal investigation.  Claimant's father is the
10 sole owner of a manufacturing and textile trade company.  The
11 parent company is located in China. The company is Zhejiang
12 Baofang Printing and Dying Company, Ltd.  There was also a
13 subsidiary company, Baolifeng International located in Hong
14 Kong. The parent company Baofang, manufactures and has the right
15 to export and import textile products to many countries
16 throughout the world.  Because of this, the company would obtain
17 the services of a professional remittance company who was
18 conduct the transfer and wire the currency due on the sales
19 contract subsidiary company Baolifeng who would then distribute
20 as instructed. The defendant $959,946.00 in bank funds that was
21 in Claimant's Bank of America account, was the portion of a gift
22 to Claimant from his father which was received pursuant to
23 "Debit Advice" receipts as "non-resident" wire transfers from
24 his father's business bank account for Baolifeng International
25 Trading Limited. The funds were for the purpose of buying a
26 house in the State of California, which Claimant and his family
27 were planning on relocating because his child is a U.S. Citizen.
28

Prior to the seizure of defendant $959,946.00 in bank funds, Claimant was contacted about bank funds totaling $228,415.00, which were part of fourteen (14) separate transactions, seized separate and apart on 6/27/2018. Claimant's understanding was that those separate transactions came from the remittance company conducting the currency exchange. However, when Claimant was advised that these funds came from transfers made in the United States, he agreed be interviewed and completely cooperated with the investigation by the US Secret Service. The $228,415.00 in U.S. Bank Funds was administratively forfeited under a separate Petition for Remission, seizure number 403-2018-018, case number 403-813-175749. Claimant denies the property is subject to forfeiture.

In related case number 2:21-CV-01380-SB (JPRx) pertaining to the seizure of $25,000.00 in bank funds from a Wells Fargo Bank account in the name of Claimant SHAOBO YU and $30,211.89 in bank funds ($11,621.10 in bank funds seized from East West Bank account and $18,590.79 in bank funds from Wells Fargo Bank account in the name of Claimant XIN QI, who is the wife of Claimant YU, the issues above arise from the alleged same or substantially identical transactions, happenings or events set forth herein. Claimants deny the property is subject to forfeiture.

**C. DAMAGES/INSURANCE**

1. *Damages* are not involved in this case. This is an in rem civil forfeiture case, in which the government seeks to forfeit the defendant funds.

2. *Insurance:* Not applicable.

4

|   |   |
|---|---|
| 1 | **D.    PARTIES, EVIDENCE, ETC.** |
| 2 | The parties in the case are plaintiff United States of |
| 3 | America and claimants Shaobo Yu and Xin Qi.  The government's |
| 4 | percipient witnesses include the law enforcement and other |
| 5 | government agents involved in the investigation of the alleged |
| 6 | romance scam, social engineering scam, and business email scam |
| 7 | fraud scheme.  Other government percipient witnesses will |
| 8 | include the claimant's themselves as well as third parties |
| 9 | connected to the claimants or alleged schemes. |
| 10 | **E.    DISCOVERY** |
| 11 | 1. *Status of Discovery*: The government has served |
| 12 | interrogatories, requests for admissions and requests for |
| 13 | production of documents, and to depose the claimant and third |
| 14 | parties. |
| 15 | The claimant may serve written discovery and may take the |
| 16 | depositions of certain government agents. |
| 17 | 2.   *Discovery Plan*:  The parties do not believe that |
| 18 | any changes should be made to the timing, form, or requirement |
| 19 | for disclosures under Fed. R. Civ. P. 26(a).  This forfeiture |
| 20 | matter is exempt from the initial disclosure requirements under |
| 21 | Fed. R. Civ. P. 26(a)(1)(B)(ii).  The parties do not believe |
| 22 | that discovery should be conducted in phases or be limited to or |
| 23 | focused upon particular issues.  The parties do not believe that |
| 24 | changes should be made in the limitations, or that other |
| 25 | limitations should be imposed, on the discovery imposed under |
| 26 | the Federal Rules of Civil Procedure or the Local Rules.  Both |
| 27 | parties may file a motion for summary judgment and/or summary |
| 28 | adjudication. |

**F.    LEGAL ISSUES**

In this civil forfeiture action, the government must prove by a preponderance of the evidence that the defendant funds constitute or are derived from proceeds traceable to bank fraud and wire fraud.  The government must also prove by a preponderance of the evidence that the defendant funds constitute property involved in multiple transactions or attempted transactions traceable to bank fraud or wire fraud.

Claimants' percipient witnesses may include third parties connected to the claimants or alleged scheme, the claimants' themselves, and other law enforcement personnel and government officials.

**G.    MOTIONS**

1. *Procedural Motions:*  The parties do not anticipate filing motions seeking to add other parties, file amended pleadings, or transfer venue.

2. *Dispositive Motions*:  Upon the conclusion of discovery, the parties may file a motion for summary judgment. Claimants may move for summary judgment of its defenses to forfeiture.

3. Class Certification Motions:  Filing a class certification is not applicable.

**H.    ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties have not yet formally discussed settlement, and, in the event that a settlement is not reached, the Government believes that a settlement conference under Local Rule 16-15.4 (Settlement Procedure No. 1) is appropriate in this case.

**I.    TRIAL**

1. *Proposed Trial Date:* Proposed trial date is August 23, 2022.

2. *Trial Estimate*: The parties estimate that the trial of this matter will take 2-3 court days.

3. *Jury or Court Trial:* Claimant has requested a jury trial, so this case will be tried before a jury.

4. *Magistrate Judge:* The government agrees to try the case before a Magistrate judge.

5. Trial Counsel: Assistant United States Attorney Dan G. Boyle will try this case on behalf of the government. John Robert Cogorno will try this case on behalf of claimants.

**J.    SPECIAL REQUESTS/OTHER ISSUES**

1. *Independent Expert or Master:* This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

2. *Manual for Complex Litigation*: The parties do not believe that this case is sufficiently complex that the Manual for Complex Litigation should be utilized.

3. Other Issues:

    a. Severance: The parties do not anticipate any issues of severance.

    b. Bifurcation: The parties do not anticipate any issues of bifurcation.

//
//
//

          c.    Consolidation:  The parties anticipate filing a motion to consolidate this case with United *States v. $959,946.00 in Bank Funds*; Case No. 2:19-CV-02396-SB(JPRx) based on the identical issues between these two actions.

DATED: November 4, 2021    TRACY L. WILKISON
                                    Acting United States Attorney
                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division
                                    JONATHAN GALATZAN
                                    Assistant United States Attorney
                                    Chief, Asset Forfeiture Section

                                    */s/ Dan G. Boyle*
                                    DAN G. BOYLE
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    United States of America

DATED: November 4, 2021    /s/ (per e-mail authorization)
                                    JOHN ROBERT COGORNO, ESQ.

                                    Attorney for Claimants
                                    SHAOBO YU AND XIN QI